UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY MILLS, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-91-HAB-ALT |
| ARLENE BLUTH, | |
| Defendant. | |

## OPINION AND ORDER

Pro se Plaintiff Anthony Mills ("Mills") filed a complaint and seeks leave to proceed in forma pauperis. (ECF 1, 2). Mills, who listed his address as being in Guam but sent the complaint from New York, alleges Defendant Arlene Bluth ("Bluth") conspired with unnamed individuals to deprive him of his due process rights. (ECF 1). His complaint alleges Bluth, a New York state judge, allegedly failed to dismiss a lawsuit, causing unreasonable cost to the parties. (*Id.*). There are many problems with his complaint not the least of which is Anthony Mills is not a party to that lawsuit. *Gu v. Uber Tech. Inc.*, Index. No. 100269/2023 (Sup Ct, New York County, Bluth, J.).[1]

Under 28 U.S.C. § 1915, the court "may authorize the commencement [of this appeal] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee

---

[1] A PACER search reveals Mills has filed two dozen identical or similar complaints in numerous other district courts over the past week. *See, e.g., ANTHONY MILLS, Plaintiff, v. ARLENE BLUTH, Defendant.,* No. 2:26-CV-00090-MKD, 2026 WL 488994, at *1 (E.D. Wash. Feb. 20, 2026) (collecting at least four other cases); *ANTHONY MILLS, Plaintiff, v. ARLENE BLUTH, Defendant.*, No. CIV-26-322-SLP, 2026 WL 498886, at *1 (W.D. Okla. Feb. 23, 2026).

may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[2] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Mills's financial affidavit is incomplete and fails to provide information from which this Court can discern how he sustains his basic needs. (ECF 2). But that is of no moment here because reviewing Mills's allegations liberally, his complaint must be dismissed. As nearly all the other courts have indicated, he has invoked no basis for this Court's jurisdiction, and he has provided no factual basis to support his legal claim. He just makes the naked assertion that his due process rights were violated because of Bluth's failure to dismiss the case he cites. (ECF 1). That is not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a complaint must contain "enough facts to state a claim to relief that is plausible on its face"). If that were not enough to support dismissal, Bluth is also not subject to personal jurisdiction in Indiana because neither party is from the state and no events have been described that occurred in the state. And even if none of these things were true, judicial immunity would bar Mills's claim. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)

---

[2] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

For these reasons, the Court:

(1) DISMISSES this case WITH PREJUDICE; and

(2) DENIES AS MOOT Mills's Motion to Proceed in Forma Pauperis (ECF 2).

**SO ORDERED** on February 24, 2026.

    s/ *Holly A. Brady*
    CHIEF JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT